UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/8/13

------------------------------------X

UNITED STATES OF AMERICA

    - against -

TODD MITCHELL EBERHARD,

           Defendant.

------------------------------------X

03 Cr. 562 (RWS)

OPINION

**Sweet, D.J.**

By letter, dated November 15, 2012, defendant Todd Eberhard (the "Defendant" or "Eberhard") has moved this Court for a modification of his restitution order to waive accrued interest and related penalties entered in his criminal case (the "Petition"). The Government opposed the motion on January 23, 2013.

For the reasons set forth below, the motion is denied as moot.

**Prior Proceedings & Facts**

The facts and procedural history of this case are laid

1

out in the Court's prior order denying Defendant's motion for a modiciation of his restitution order to remove his obligation to make interest payments entered in his criminal case; Eberhard v. United States, No. 03 Cr. 562(RWS), 2012 WL 2568971 (S.D.N.Y. July 3, 2012) (the "Order"); the Court's opinion of May 4, 2010, denying Defendant's motion to vacate his sentence pursuant to 28 U.S.C. § 2255; Eberhard v. United States, No. 09-110(RWS), 2010 WL 1789889 (S.D.N.Y. May 4, 2010); and the sentencing opinion of June 7, 2005, United States v. Eberhard, No. 03 Cr. 562-01(RWS), 2005 WL 1384038 (S.D.N.Y. June 9, 2005). Familiarity with those facts is assumed.

By letter motion, dated November 15, 2012, Defendant now seeks an order from the Court to compel the Government to waive interest. Specifically, Defendant contends that the Government has not responded to his multiple requests to waive interest. (See Petition at 2-3). The Petition attaches three letters, dated July 23, 2012, August 28, 2012 and October 2, 2012, in which Defendant requests that the Government waive interest on his debt. (See Petition Exs. 1-3).

In its opposition, the Government has contended that, although at least one of the letters was received, none of the letters were delivered to the Office's Financial Litigation

Unit, which is responsible for the collection of debts. The Financial Litigation Unit, however, recently received the Petition, and on January 23, 2013, the Government denied Defendant's waiver of interest request. (See Govt. Ex. B).

Defendant's claim that the Government has not responded to his request to waive interest is now moot, as the Government has informed Defendant of its decision not to waive interest at this time.

In addition, as explained in the July 3, 2012 Order, only the Attorney General, in its discretion, may waive interest on the restitution at this time. See Order at *4 (citing 18 U.S.C. § 3612(f) and (h)). Moreover, the Government will only consider such a waiver after the Defendant has paid the principal amount in full. See Order at *4 n.1 (emphasis added).

Accordingly, as the principal amount of the judgment remains outstanding, it is premature for the Government to consider waiving interest. The Defendant's instant motion is denied as moot. Defendant, however, is granted leave to replead once the principal amount has been paid.

**Conclusion**

For the foregoing reasons, the Defendant's motion for a modification of his restitution order to waive accrued interest and related penalties is denied.

It is so ordered.

**New York, NY**
**March, 7 2013**

_____
ROBERT W. SWEET
U.S.D.J.