UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

UNITED STATES OF AMERICA,

        Plaintiff,

 - against -

TODD EBERHARD,

        Defendant.

------------------------------------------X

03 Cr. 562 (RWS)

OPINION

**Sweet, D.J.**

    Defendant Todd Eberhard ("Eberhard" or "Defendant") moves for a reduction in his sentence for time spent on home confinement.

    On June 7, 2005, the Defendant was sentenced by this Court to 160 months' imprisonment, there years' supervised release, a $1,100 special assessment, a $15,000 fine, and restitution in an amount to be determined later. On June 6, 2006, pursuant to an agreement between the parties, the Court ordered the Defendant to pay $19,870,412.66 restitution.

    Subsequently, Defendant had made multiple applications

challenging his sentence and the restitution Order.

In the instant motion, Eberhard maintains that his four and a half months on lockdown in the early stages of his criminal proceeding warrant a reduction in his sentence. Defendant cites *United States v. Ko*, 2014 BL 1269 (10th Cir. 2014) for the proposition that 18 U.S.C. § 3621 and 3524 provide that a prisoner serving home confinement is in fact serving "a term of imprisonment" and is "in the custody of the BOP" within the meaning of the aforementioned statutes.

The Defendant mischaracterizes holding in *Ko*. In that case, the Court of Appeals reversed the district court's dismissal of an escape indictment. The defendant was scheduled to serve the remaining four months in home confinement, but failed to return upon discharge. *Id.* at 559-60. In upholding the government's escape allegations, the Second Circuit held that Section 751 applies to those who escape from home confinement; not that home confinement can serve to modify or shorten an imposed sentence.

Whether home confinement can *qualify* as prison time does not provide authority for the Defendant to alter his imposed sentence. Instead, after imposition of a sentence, a

1

Court may only modify a sentence under Rule 35 of the Federal Rules of Criminal Procedure or pursuant to 18 U.S.C. § 3582(c). Neither is applicable here.

Under Rule 35(a), within 14 days of sentencing, the Court "may correct a sentence that resulted from arithmetical, technical, or other clear error." The Defendant was sentenced in 2005 and thus this provision is facially inapplicable. Similarly, Rule 35(b), which, on the government's motion, provides for a sentence reduction for substantial assistance, is inapplicable. Moreover, 18 U.S.C. § 3582(c) directs that "[t]he court may not modify a term of imprisonment once it has been imposed," except under limited enumerated conditions, which are also inapplicable.

"The date from which a defendant's time is measured to begin is a matter committed to the Bureau of Prisons." *United States v. Masso*, 935 F. Supp. 2d 739, 740 (S.D.N.Y. 2013). The "time spent in home confinement is generally not considered to be in prison for which the defendant is afforded credit." *Id*.

Accordingly, the Defendant's motion for a sentence reduction is denied.

3

It is so ordered.

New York, NY  
April 28, 2014

_____  
ROBERT W. SWEET  
U.S.D.J.